IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ISABEL SOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00154-O |
| | § | |
| JODY UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are Petitioner Isabel Soto's ("Soto") amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 6); and Warden Jody R. Upton's Response (ECF No. 13) and Appendix (ECF No. 14). After considering the § 2241 petition, related briefing, and applicable law, the Court finds that the § 2241 petition should be and is hereby **DENIED**.

**I.      BACKGROUND**

Petitioner Soto, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, was convicted of distribution and possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, and sentenced to 105 months' imprisonment. J., No. 5:15-cr-078-C(1), ECF No. 380; Statement of Reasons 1–4, No. 5:15-cr-078-C(1), ECF No. 381.[1] Soto did not file a direct appeal. On January 10, 2017, Soto filed a document entitled "Motion to Change Method by Which Balance of Sentence is Served." No. 5:15-cr-078-C(1), ECF No. 393. The presiding judge construed that motion as a petition seeking relief under 28 U.S.C. § 2241, opened a new civil case number 5:17-cv-008-C, and ordered Soto to

---

[1] The Court takes judicial notice of the records of the court in *United States v. Soto*, No. 5:15-cr-078-C(1). *See* FED. R. EVID. 201(b)(2) and (c)(1).

complete and file a form petition for writ of habeas corpus under § 2241. Jan. 13, 2017 Order, No. 5:17-cv-008-C, ECF No. 4. Soto filed a completed § 2241 petition as an amended § 2241 petition with the three-page "Motion to Change Method by Which Balance of Sentence is Served" as an attachment. Am. Pet. 1–12, No. 5:17-cv-008-C, ECF No. 6. The case was then transferred to this division and given case number 4:17-cv-154-O, such that the prior docket entries in case 5:17-cv-008-C were incorporated into the docket of this case. Feb. 17, 2017 Order Transfer, ECF No. 8; Docket Text Entries, ECF No. 8–9.

## II. CLAIM FOR RELIEF

In Soto's amended § 2241 petition, she contends that the Bureau of Prisons ("BOP") has failed to implement a Family Unity Demonstration Project (the "Project") and apply it specifically to her. Am. Pet. 5, ECF No. 6. She argues that the BOP was required to create the Project, which involved developing halfway house-like facilities that would be capable of housing inmates and their children and providing educational and rehabilitative programs. *Id.* at 10–11 (citing 42 U.S.C. §§ 13882 and 13903). Soto argues that since the BOP has failed to implement this program, this Court "is empowered to fashion an alternative remedy to effectuate the goal that Congress sought to achieve." *Id.* at 11. She in turn seeks to serve the majority, if not the remainder, of her sentence "at home under conditions," or under "home confinement," or "in a halfway house-like facility." *Id.* at 7, 10, 12.

## III. ANALYSIS

### A. Claim for Relief Under the Family Unity Demonstration Project

Soto's claims that the Project, 42 U.S.C. § 13882, *et seq*., enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, requires the BOP to provide halfway house-like

2

facilities for qualifying parent-inmates. Am. Pet. 5, 11, ECF No. 6. Congress, however, authorized funds for the Project only through the year 2000. 42 U.S.C. § 13883(a)(1)–(5) (2013). Furthermore, despite the statutory authorization, Congress never actually appropriated funds for this program. *See United States v. Meza-Pena*, No. 2:12-cr-021-KJM-1, 2013 WL 2991059, at *1 (E.D. Cal. June 14, 2013) (citing JAMES A. SWARTZ ET AL., DRUGS, WOMEN, AND JUSTICE, 36 (2006)). Because Congress never funded the Project, the BOP was never authorized to implement the Project. Thus, the statutory provisions setting forth the terms of the Project give Soto no basis for a sentence reduction. *See United States v. Wright*, No. 2:06-cr-834 TS, 2008 WL 4219076, at *1 (D. Utah Sep. 15, 2008) ("[N]either § 13882 nor any other section of the Family Unity Demonstration Project authorizes the sentencing court to modify a federal sentence after it has been imposed.").

Furthermore, Respondent argues that even if the BOP had implemented the Project, it would not have been applicable to Soto's sentence. Respt's Resp. 5, ECF No. 13. The Project's authorizing legislation provided that only inmates sentenced to no more than seven years of imprisonment could be eligible. 42 U.S.C. § 13882 (definition of "eligible offender") (2013). Soto admits that her 105-month sentence was longer than seven years. Am. Pet. 11, ECF No. 11; J. 2, No.5:15-cr-078-C(1), ECF No. 380. Thus, even if the BOP had implemented the Project, Soto is statutorily excluded from participating in it.

In sum, because Congress never funded the Project, and because Soto does not meet the statutory eligibility requirements for it in any case, the Court **DENIES** her claim for relief under § 2241.

## B. Alternative Claim for Relief under 18 U.S.C. § 3553

Petitioner also argues that since the BOP failed to effectuate the Project, this Court is "empowered to fashion an alternative remedy to effectuate the goal that Congress sought to achieve." Am. Pet. 11, ECF No. 6. Petitioner cities to 18 U.S.C. § 3553 as a basis for such relief, but as another court reviewing a Defendant's motion using the exact same "empower-to-fashion-an-alternative-remedy" language explained: "[a]though the Defendant cites 18 U.S.C. § 3553 as providing the authority for this modification, that statute does not apply once a sentence has been imposed. *United States v. Goforth*, Crim. No. 3:07-cr-247, 2010 WL 3167359, *1 (W.D. N.C. Aug. 9, 2010) (citation omitted); *see also Wright*, 2008 WL 4219076, at *1 ("The Court finds § 3553 does not authorize modification of a sentence once it is imposed."). This Court may modify a term of imprisonment after it has been imposed under very limited circumstances set forth under 18 U.S.C. § 3582(c). Those circumstances are: (1) when the Director of the BOP asks the Court to reduce a term of imprisonment because "extraordinary and compelling reasons warrant such a reduction," or because the defendant is seventy years of age, has served at least 30 years in prison, and does not pose a danger; (2) when permitted by statute or by Federal Rule of Criminal Procedure 35; and (3) when a sentencing range is subsequently lowered by an amendment to the U.S. Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)–(2) (2015). Soto's § 2241 petition has not shown that any of these avenues for post-judgment sentence modification are available to her.[2] Soto has therefore not shown that this Court is authorized to "fashion an alternative remedy" by granting her a modification of her sentence.

---

[2]The criminal docket shows that the Court denied two motions for relief under 18 U.S.C. § 3582 filed by Soto. Jan. 11, 2017 Orders, No. 5:15-cr-078-C(1), ECF Nos. 395, 396. The Court also denied Soto's motion under § 2255, assigned civil docket number 5:17-cv-007-C. Aug. 11, 2017 Order and J., No. 5:17-cv-007-C, ECF Nos. 6, 7.

## IV. CONCLUSION

For all of these reasons, the Court finds that Soto is not entitled to the relief she requests, and the Court **ORDERS** that Isabel Soto's petition for relief under 28 U.S.C. § 2241 is **DENIED**.[3]

**SO ORDERED** on this **29th day** of **June 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[3]The Respondent also argued alternatively that Soto's claims in this case must be dismissed as they are not cognizable under § 2241, and because she failed to exhaust administrative remedies. Resp't Resp. 2–4, ECF No.13. As the Court has determined that Soto's claims should be denied on the merits, it does not reach these alternative grounds for dismissal.